Susan Martin (AZ#014226)
Jennifer Kroll (AZ#019859)
Martin & Bonnett, PLLC
4647 N. 32nd St., Suite 185
Phoenix, Arizona 85018
Telephone:  (602) 240-6900
smartin@martinbonnett.com
jkroll@martinbonnett.com

Attorneys for Plaintiff Kimberly Jackson
(Additional counsel for Plaintiff identified on last page)

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| | Case No.: |
| Kimberly Jackson, | |
| Plaintiff, | **COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT** |
| v. | |
| The Prudential Insurance Company Of America; Yuma Regional Medical Center Long Term Disability Insurance Plan; and DOES 1 to 10, Inclusive, | **[29 U.S.C. §1132(a)(1)]** |
| Defendants. | |

Plaintiff, KIMBERLY JACKSON (hereinafter referred to as "Plaintiff"), complains of Defendants THE PRUDENTIAL INSURANCE COMPANY OF AMERICA (hereinafter referred to as "PRUDENTIAL"), and YUMA REGIONAL MEDICAL CENTER LONG TERM DISABILITY INSURANCE PLAN, (hereinafter referred to as "THE PLAN"), as follows:

## JURISDICTION AND VENUE

1.      This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. §1132(a)(1), (e), (t), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101. et. seq. (hereafter ERISA) as it involves a claim by Plaintiff for disability benefits under an employee benefit plan regulated and governed under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C. §1331 as this action involves a federal question.

2.      The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. §1391(b)(2), and the ends of justice require it.

3.      The ERISA statute at 29 U.S.C. §1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials.  Those avenues of appeal have been exhausted.

4.      Plaintiff exhausted the appeal process on or about September 13, 2019, at which time PRUDENTIAL informed her that the decision to deny Long-Term Disability (LTD) benefits beginning September 20, 2018 was final, and that she now has a right to bring a civil action under section 502(a) of ERISA.

## GENERAL ALLEGATIONS

5.      Plaintiff is informed and believes and thereon alleges that THE PLAN is an employee welfare benefit plan established and maintained by Plaintiff's employer, Yuma Regional Medical Center, to provide its employees with group long-term disability insurance, to pay a portion of a covered employee's income during a period of disability.

6.      The PLAN can be sued as an entity pursuant to 29 U.S.C. §1132(d)(1).

7.      Plaintiff is an individual citizen and current resident of the State of Arizona, County of Yuma, residing within the Arizona District Court at the time her claim was denied by PRUDENTIAL.

8.      On information and belief, PRUDENTIAL issued a policy that fully

insures THE PLAN and is contractually obligated to pay benefits for claims covered and approved through THE PLAN.

9.      On information and belief, PRUDENTIAL performs the dual role of being the claims administrator while also being the funding source for claims paid under THE PLAN.

## **FACTUAL BACKGROUND**

10.      At all times relevant hereto, Plaintiff, currently age 49, was employed as a Clinical Nurse Expert for Yuma Regional Medical Center and has been a participant and beneficiary of THE PLAN.

11.      The policy defines "Disability" as follows:

"You are disabled when Prudential determines that:

•      you are unable to perform material and substantial duties of your regular occupation due to your sickness or injury; and

•      you have 20% or more loss in your monthly earnings due to that sickness or injury.

After 60 months of payments, you are disabled when Prudential determines that due to the same sickness or injury:

•      you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience; and

•      you are under the regular care of a doctor…"

12.      Plaintiff stopped working due to disability on March 26, 2018 because she was suffering from chronic pain, spinal cord injury, and migraines.

13.      Prudential determined that Plaintiff's occupation was a medium physical demand level occupation that involved the following duties:

•      Prepares/administers examinations, evaluates student progress, maintains records of student classroom/clinical experience;

•      Participates in planning curriculum, teach schedule, and

course outline;

•    Cooperates with medical and nursing personnel evaluating and improving teaching and nursing practices;

•    Develops, directs, and coordinates in-service orientation and continued education and nursing practices;

•    Conducts training programs for staff development and in improved methods of nursing services and procedures;

•    Gives refresher training as needed;

•    May specialize in specific subjects, such as anatomy, chemistry, psychology, or nutrition, or in type of nursing activity, such as nursing or medical or surgical patients;

•    May conduct classes for patients in health practices and procedures.

14.    On or about April 16, 2017, Plaintiff was involved in a severe motorcycle accident that resulted in her suffering a concussion, broken ribs, a crushed sternum, and multiple crushed vertebrae.

15.    Following the accident, Plaintiff underwent spinal fusion surgery.  She was then re-admitted to the hospital about ten days later for a surgical wound infection and cerebral spinal fluid leak.  She experienced complications that included sepsis and pneumonia.

16.    Plaintiff returned to work in July 2017.  Her pain was significant while at work.  Her symptoms included severe back pain that precluded her from being able to stand or walk longer than 15-20 minutes, gastric bleeding from her medications, daily migraine headaches, stroke-like episodes related to her migraines, and cognitive deficits.

17.    On or about March 25, 2018, Plaintiff stopped working again after approximately eight months of being back to work.

18.    Following a 90-day elimination period, Plaintiff was eligible to begin

receiving LTD benefits on June 24, 2018.

19.     On June 12, 2018, PRUDENTIAL generated a claim note reading that "*Claimant's reason for not working: chronic back pain, migraines, chronic fatigue, dizziness, ringing in ears, unable to sit/stand for more than commutes; unable to concentrate, unable to care for patients, help nurses, audit charts, do dialing rounds.*"

20.     Plaintiff initially submitted medical records demonstrating she had been experiencing increased back pain and increased headaches since returning to work in July 2017.   The medical records show that she was hospitalized for a facial droop in March 2018, and then she was found at home in a minimally responsive state by her husband in April 2018 being.  She was also hospitalized in April 2018 for respiratory failure, polypharmacy, bipolar disorder, and depression.  Plaintiff reported that she was unable to tolerate long car rides, and that she no longer drove due to pain with turning her head and poor focus and concentration.

21.     Plaintiff's medical records indicate that she was also experiencing migraine headaches and slurred speech, and that she has needed a cane or walker to ambulate.

22.     PRUDENTIAL had a nurse conduct a clinical review of the medical records on or about September 11, 2018.  The nurse concluded that Plaintiff's capacity beyond May 11, 2018 remained unclear for several reasons:

        •     It was thought to be not clear why Plaintiff stopped working on March 25, 2018;

        •     Plaintiff was reporting severe migraine pain but a May 11, 2018 neurology office visit with a neurologist indicated that she declined an injection;

        •     One of Plaintiff's doctors restricted her to no heavy lifting, though apparently this restriction was not defined;

        •     A March 22, 2018 office visit note stated that Plaintiff

was overwhelmed and stressed at work, so she reported that she quit her job and was going to file for disability;

• There is a significant behavioral health overlay;

• Despite a lack of new clinical evidence of new structural spine pathology, Plaintiff's chief complaints continued to increase in intensity and frequency;

• Despite being in physical therapy for a lengthy period of time, Plaintiff continued to report a steady decline in functional capacity;

• Plaintiff reported cognitive deficits, but this was claimed to be unsubstantiated by the records.

23.    In a letter dated September 21, 2018, PRUDENTIAL notified Plaintiff that the information on file did not provide any clarity regarding her functional capacity, nor did they corroborate Plaintiff's reports of disability beyond May 11, 2018.

24.    Plaintiff submitted a timely written appeal dated April 2, 2019 that not only commented upon the Nurse Practitioner's record review but included new medical information.  PRUDENTIAL'S Nurse Practitioner claimed that there was no clinical information to support Plaintiff's statement that she was unable to work. However, the file contained a MRI of the lumbar spine that showed an annular tears and disc bulges with long facet arthropathy and ligamentous hypertrophy L2-L3 and L3-L4.   This pathology was completely omitted by PRUDENTIAL'S reviewing nurse.

25.    Plaintiff submitted a report dated March 19, 2019 from an orthopedic surgeon who reviewed medical records and examined her on March 13, 2019.   The doctor noted that due to an increasingly unstable gait, she has required a walker for ambulatory support since September 2018.   The doctor opined that Plaintiff is disabled from working as a clinical nurse and/or any occupation because she is

unable to walk unassisted, and because of the back pain that she experiences when sitting and standing.

26.    Plaintiff submitted additional records from a neuropsychologist with a letter dated April 16, 2019.  The records included the results of neuropsychological testing completed on March 11, 2019 and March 12, 2019.  The administering neuropsychologist opined that the test results demonstrated deficits with executive functioning that would significantly impact Plaintiff's ability to perform her core occupational duties.

27.    The letter dated April 16, 2019 also included a CT scan demonstrating that Plaintiff's T11 vertebral appears sclerotic and fractured, and a MRI that revealed multiple level degenerative changes of the lumbar spine.

28.    PRUDENTIAL had the medical records reviewed by a peer review physician board-certified in Physical Medicine and Rehabilitation and Pain Medicine.  In a report dated May 22, 2019, the doctor rendered multiple opinions:

- Plaintiff does have medically necessary physical restrictions and/or limitations from any one condition or combination of conditions from March 26, 2018 to June 24, 2018, forward.  However, the clinical records did not document any specific impairment that rendered her incapable of performing activities including occupational activities.

- Plaintiff would not have been capable of reliable functioning or working during her hospitalization on March 29, 2018 and March 30, 2018.

- Plaintiff would not have been capable of reliable functioning or working during her hospitalization between April 7, 2018 and April 10, 2018.

- Plaintiff has no particular sitting restrictions; however,

she should be allowed to change positions as needed up to 5 minutes each hour. She would be allowed to stand and/or walk for approximately 5 minutes after one hour of continuous sitting, not to exceed frequently over the course of an eight-hour day.  Maximum lifting and/or carrying should be no more than 25 pounds occasionally and 10 pounds frequently.  Pushing and pulling should be no more than 25 pounds.

- Plaintiff's reported limitations of being unable to work due to chronic pain are not supported by and/or consistent with the documentation provided for review from March 26, 2018 to June 24, 2018, forward.

- The documentation provided by Plaintiff does not support adverse side effects, including cognitive deficits, from any medication or combination of medications.

29.    PRUDENTIAL had the medical records reviewed by a peer review physician board-certified in Neuropsychology.  In a report dated May 22, 2019, the doctor rendered multiple opinions:

- From April 7, 2018 through April 10, 2018 Plaintiff was in the hospital and would not have had the sustained capacity for full day activity due to the intensity of her treatment during this time.  Outside of these dates, the records do not support restrictions and limitations on the basis of severe psychiatric or neurocognitive impairment.

- The level of care, frequency of office visits, and clinician-observed evidence of functional impairment is not consistent with severe psychiatric disorder associated with global functional impairment.

- Other than her hospitalization between April 7, 2018 and April 10, 2018, the records do not support restrictions and limitations with ability to focus, concentrate, communicate effectively, recall information, problem solve, interact with others, or direct others on a sustained full-time work basis.

- There were no examination findings or examples of behavioral, cognitive, or emotional impairment observed in office visits which would preclude a full day of activity.

30.     PRUDENTIAL issued a letter dated June 20, 2019, upholding the decision to deny LTD benefits as of September 20, 2018, based upon medical opinions provided by its two peer review physicians.

31.     Plaintiff submitted a second voluntary appeal dated July 25, 2019 that included supplemental reports prepared by her orthopedic surgeon and neuropsychologist.  Both treating physicians commented on the opinions set forth by PRUDENTIAL'S peer review physicians.

32.     Plaintiff's treating orthopedic surgeon opined that the conclusions set forth by the peer review physician board-certified in Physical Medicine were arbitrary and unsubstantiated.  The orthopedist opined that Plaintiff may have been capable of performing sedentary physical demand level work between March 2018 and June 30, 2018, but an examination of Plaintiff in March 2019 demonstrated that her condition had severely deteriorated to the point that she has not been capable of performing sedentary work.  He noted that Plaintiff was not capable of performing the main requirements of her occupation which included lifting or turning patients, assisting patients with walking, and/or running if necessary, in an emergency.

33.     Plaintiff's treating neuropsychologist reviewed the consulting neuropsychologist's report and disagreed with the consulting doctor's opinion that a

normal mental status examination at an office visit provides confirmatory evidence that Plaintiff does not experience cognitive impairment enough to affect her ability to work as a Clinical Nurse Expert.  The treating neuropsychologist indicated that a mental status examination was performed before the comprehensive neuropsychological testing was completed in March 2019.  Plaintiff performed within normal limits on all parameters, yet on formal neuropsychological testing she demonstrated cognitive impairment in the areas of executive function and memory.

34.     Plaintiff's second voluntary appeal also included a form filled out from her family doctor for Social Security that relied more on her orthopedic problems, but does contain information supporting Plaintiff's disability even from sedentary employment due to restrictions and limitations in her ability to sit, stand, walk, lift and carry.

35.     PRUDENTIAL upheld the decision to deny Plaintiff claim in a letter dated September 13, 2019.  The denial of benefits was based upon input from the same two peer review physicians who conducted peer reviews in May 2019.  The two peer reviewers concluded that the medical records provided with the second voluntary appeal did not change each the opinions set forth in May 2019.

36.     PRUDENTIAL's September 13, 2019 letter informed Plaintiff that the decision to deny LTD benefits effective September 20, 2018 was final and that she could file a lawsuit under ERISA.

///

///

///

///

///

///

## COUNT ONE

**For Damages and Benefits Against Defendants**

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and**

**YUMA REGIONAL MEDICAL CENTER**

**LONG TERM DISABILITY PLAN**

**(Pursuant to 29 U.S.C. Section 1132(a)(1))**

37.     Plaintiff hereby realleges and incorporates paragraphs 1 through 36 as if fully set forth herein.

38.     The LTD policy initially issued by PRUDENTIAL has an effective date of January 1, 2016.  Based upon information and belief, the plan renews on January 1st of each year.

39.     The Summary Plan Description (SPD) contains an express grant of discretionary authority that gives PRUDENTIAL authority to act as the claim administrator with sole discretion to interpret the terms of the group contract, to make factual findings, and to determine eligibility for benefits.

40.     The weight of the medical evidence in the administrative record is contrary to the adverse benefit determinations made by PRUDENTIAL on September 21, 2018, June 20, 2019 and September 13, 2019.  On all three occasions, PRUDENTIAL determined that the medical documentation did not support continuous disability that would have prevented Plaintiff from performing the material and substantial duties of her regular occupation from March 26, 2018 forward.

41.     PRUDENTIAL has relied upon erroneous findings of fact in concluding that the medical information submitted by Plaintiff does not support functional limitations preventing her from being able to perform the material and substantial duties of her regular occupation.

42.     PRUDENTIAL abused its discretion because its decision to deny Plaintiff's claim was illogical, implausible, and without support in inferences that

could reasonably be drawn from facts in the record because every doctor who personally evaluated Plaintiff concluded that she was disabled.

43.     PRUDENTIAL abused its discretion by failing to provide Plaintiff with a "full and fair review" because its peer review physicians never interviewed or evaluated Plaintiff in person.

44.     PRUDENTIAL abused its discretion by conducting a mere paper review instead of obtaining an independent medical examination, especially in light of the fact that all the treating physicians opined that the experiences ongoing symptoms that cause her to be disabled.

45.     PRUDENTIAL abused its discretion by failing to identify medical evidence indicating that Plaintiff's medical condition improved between the time that she stopped working on March 25, 2018 and the time that her claim was initially denied on September 21, 2018.

46.     PRUDENTIAL has an inherent conflict of interest because it performs the dual role of being the claims administrator while also being the funding source for claims paid under THE PLAN.

47.     As a direct and proximate result of PRUDENTIAL's wrongful denial of LTD benefits, Plaintiff contends that PRUDENTIAL has breached the contract by not paying benefits, payable at the rate of $5,350.00 per month, minus appropriate offsets, from September 20, 2018 to the present and continuing.

48.     As a further direct and proximate result of the denial of benefits, and due to PRUDENTIAL'S failure to pay benefits, Plaintiff had to engage the services of attorneys to assist her in recovering benefits due her under the terms of the PLAN.  Accordingly, Plaintiff will be entitled to reasonable attorneys' fees in an amount according to proof pursuant to 29 U.S.C. Section 1132(g)(l).

WHEREFORE, plaintiff demands judgment against Defendants, and each of them, as follows:

1.      Damages for breach of contract pursuant to 29 U.S.C. Section 1132(a)(1)(B), for Long-Term Disability benefits payable at the rate of $5,350.00 per month from September 20, 2018 and continuing;

2.      Interest on said amounts in accordance with law;

3.      For reasonable attorneys' fees and costs in a sum according to proof, pursuant to 29 U.S.C. Section 1132(g)(1).

4.      For an order remanding the claim back to the claim administrator for a determination regarding Plaintiff's eligibility to receive LTD benefits under the "any occupation" definition of disability.

5.      For any further relief that the court deems reasonable and just.

Dated this 10th day of January, 2020

**Martin & Bonnett, P.L.L.C.**
By: s/Jennifer Kroll
Susan Martin
Jennifer Kroll
4647 N. 32nd St. Suite 185
Phoenix, Arizona 85018
Telephone: (602) 240-6900

Kevin M. Zietz. (*pro hac vice app. forthcoming*)
E-mail:  kevin@zietzlaw.com
LAW OFFICES OF KEVIN M. ZIETZ, PC
16055 Ventura Boulevard, Suite 650
Encino, California 91436
Tel:  (818) 981-9200
Fax: (818) 981-9201

Todd Krauss, (*pro hac vice app. forthcoming*)
E-mail:  todd@tkrausslaw.com
LAW OFFICES OF TODD KRAUSS, APC
16055 Ventura Boulevard, Suite 650
Encino, California 91436
Tel:  (818) 981-1007
Fax: (818) 322-3901

Attorneys for Plaintiff

- 13 -